IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALD ALEXANDER FISHER,

      Plaintiff,

      v.

EQUIFAX SERVICES LLC,

      Defendant.

CIVIL ACTION FILE

NO. 1:15-CV-00233-TWT-GGB

## FINAL REPORT AND RECOMMENDATION
## AND ORDER

This matter is before the Court on the second and third affidavits of indigency, requests to proceed *in forma pauperis* ("IFP"), "Affidavit of Fraud," and proposed complaint filed by the plaintiff, Gerald Alexander Fisher ("Plaintiff").  (Docs. 1-1, 3, 3-1, 4).

## I.  BACKGROUND

On January 23, 2015, Plaintiff filed his initial affidavit of indigency in this case, along with an application for leave to proceed IFP, and proposed complaint.  (Docs. 1, 1-1).  The Form 239 affidavit/application that Plaintiff submitted contained zeros and/or blanks in every space for income from employment and other sources, assets, and monthly expenses, including zeros for such necessities as food, clothing, transportation, and shelter.  Although Plaintiff indicated that he received zero dollars

from employment, elsewhere on the form he indicated that the time he had spent researching and preparing this case "has taken away from my working hours." (Doc. 1 at 3).

It was also unclear from Plaintiff's first application whether he is represented by an attorney. Paragraph 10 of the Form 239 that Plaintiff initially submitted states that Plaintiff has paid – or will be paying – an attorney $1000.00 for services in connection with this case, but the space provided for entering the attorney's name, address, and telephone number was left blank. (Doc. 1 at 3). Plaintiff's proposed complaint does not contain a signature line, and there is no attorney's signature (or anyone's signature) on the complaint. (Doc. 1-1 at 2). The civil cover sheet attached to Plaintiff's proposed complaint lists "Adrian L. Patrick" as Plaintiff's attorney, but there is no signature by Adrian L. Patrick entered on the civil cover sheet. The cover sheet merely has the name "Adrian Patrick" typed onto the last page in the space provided for a signature. (Doc. 1-2 at 2).

The complaint that Plaintiff filed with his initial application lists Equifax Services LLC as the defendant, and generally alleges in the first section entitled "Facts" that Plaintiff paid a Georgia Power bill in full, but Equifax refused to remove a Georgia Power credit item from Plaintiff's credit file. (Doc. 1-1). The complaint is unsigned, and contains no counts for relief. However, Plaintiff's complaint makes

2

passing references to the Fair Credit Reporting Act, 15 U.S.C. § 1681, and "Racketeering." (Id.).

After reviewing Plaintiff's initial submissions, the undersigned concluded that Plaintiff's first application did not provide the Court with sufficient information upon which to base a decision as to whether he should be permitted to proceed IFP. Accordingly, on January 29, 2015, the undersigned issued an order directing Plaintiff to provide to this Court within fourteen days of the date of the order a fully completed and accurate Form 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) for the Court's consideration and analysis. (Doc. 2, "Order"). The Order informed Plaintiff that without a signature and other required identifying information, the Court would not accept his proposed complaint for filing. See Fed. R. Civ. P. 11(a); Local Rules 5.1(A), (G), (H) NDGa. The Order further informed Plaintiff that failure to timely comply with the Order may result in denial of Plaintiff's application to proceed IFP.

On February 12, 2015, in response to this Court's Order, Plaintiff, without explanation, submitted two more affidavits of indigency. (Docs. 3, 3-1). The second affidavit (Doc. 3) is not signed by the Plaintiff, and the application again fails to address whether Plaintiff wishes to proceed *pro se* or is represented by counsel.

Accordingly, the Court has exercised its discretion not to consider Plaintiff's second affidavit/application to proceed IFP.

Plaintiff's third affidavit of indigency is signed by the Plaintiff, and the application states that Plaintiff's attorney is Adrian Patrick, at 3115 Brownwood Drive, Snellville, Georgia, 30078, telephone number 404-219-1789.   (Doc. 3-1 at 5). However, again without explanation, the civil cover sheet filed by Plaintiff lists Adrian Patrick at a different address and telephone number: 1044 Baxter Street, Athens, Georgia, 3006 [sic], 706-543-6631.  In lieu of a signature in the space provided for the "signature of attorney of record," the cover sheet (again) merely has the name "Adrian Patrick" typed onto the last page in the space provided for a signature.  (Doc. 3-2 at 2). Plaintiff (again) failed to submit a proposed complaint signed by either himself or by attorney Adrian Patrick.

Instead, attached to Plaintiff's second and third affidavits of indigency and applications to proceed IFP is an unsigned "Affidavit of Fraud" containing allegations not against Equifax, like his proposed complaint, but rather against Educational Credit Management Corporation, Bank of America, Nelnet, and SunTrust concerning some type of dispute about a student loan or loans.  (Doc. 4).  Like Plaintiff's proposed complaint, Plaintiff's "Affidavit of Fraud" lacks a signature from either Plaintiff or his

4

attorney. Plaintiff has made no attempt to explain how his "Affidavit of Fraud" relates, if at all, to his proposed complaint against Equifax regarding a Georgia Power bill.

## II. FRIVOLITY DETERMINATION

After consideration of Plaintiff's third affidavit of indigency, I find that Plaintiff meets the financial requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a). However, the Court must also determine whether Plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989).

### A.    Standard of Review

A court must dismiss a complaint filed IFP if at any time the court determines the action is frivolous or malicious or that the complaint fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

AO 72A
(Rev.8/82)

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

It is still not clear to the Court whether Plaintiff intended to file his complaint *pro se*. If he did, "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still

6

must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." <u>Osahar v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

**B.    Analysis**

As noted above, Plaintiff's proposed complaint alleges that he received letters in February 2014 and October 2014 from Georgia Power stating that his account was paid in full, but Equifax refused to remove "a Georgia Power credit item" from his credit file.  (Compl. ¶¶ 1-8).  Plaintiff alleges that on December 12, 2014 and again on December 23, 2014, he sent facsimile transmissions to Equifax stating that Equifax was committing a felony by not removing the Georgia Power credit file from his record.  (<u>Id.</u> ¶¶ 14-15).  Plaintiff further alleges that Georgia Power's failure to charge Plaintiff with a claim and an assessment constitutes a violation of UCC 3-303, Subsections A&B.  (<u>Id.</u> ¶ 14).  Plaintiff also alleges that "Equifax did knowing [sic] engage in racketeering (18 U.S.C.A. § 1961) and The Fair credit reporting Act."  (<u>Id.</u> ¶17).

Having reviewed the complaint and Plaintiff's other submissions, I find that Plaintiff's "realistic chances of ultimate success are slight." <u>Clark</u>, 915 F.2d at 639 (citation omitted).  Plaintiff's vague allegations do not raise Plaintiff's right to relief

above the speculative level, even under the most liberal construction.  See <u>Twombly</u>,

550 U.S. at 555.  The complaint also fails to conform to the requirements of the

Federal Rules.  In addition to lacking a signature, in violation of Fed. R. Civ. P. 11(a),

and the other deficiencies noted by the Court, Plaintiff's complaint fails to contain "a

short and plain statement of the grounds for the court's jurisdiction," as required by

Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(1).

## III.  CONCLUSION

For all the reasons stated, I **RECOMMEND** that this action be **DISMISSED**

**without prejudice** as frivolous.  Plaintiff's request to proceed IFP is **GRANTED**

solely for purposes of dismissal.

**IT IS SO RECOMMENDED AND ORDERED**, this 18th day of February,

2015.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

8